STATE, Respondent, v. BARNES, Appellant.

*No. State 53.   Argued June 4, 1971.—Decided June 25, 1971.*
(Also reported in 187 N. W. 2d 845.)

For the appellant there was a brief by *Shellow & Shellow* and *James M. Shellow,* all of Milwaukee, and oral argument by *James M. Shellow.*

For the respondent the cause was argued by *Theodore J. Hodan,* assistant district attorney of Milwaukee county, with whom on the brief were *Robert W. Warren,* attorney general, and *E. Michael McCann,* district attorney.

HANLEY, J. The defendant presents the following issues on this appeal:

(1) Did the court's judicial notice of a disputed scientific fact deny to defendant the right of confrontation and due process of law;

(2) Did the court err in amending the information over defendant's objection; and

(3) Was the evidence sufficient to support the conviction?

*Judicial notice of controverted scientific facts.*

Judicial notice is simply a process whereby one party is relieved of the burden of producing evidence to prove a certain fact. The court accepts the fact as true without proof on the theory that the fact noticed is so well known that it would be superfluous and a waste of time to require proof of it. It is on this basis that judicial notice was once said to be restricted to those facts which were a matter of "common knowledge" and which no reasonable person would dispute.

In more modern times, however, the scope of the doctrine of judicial notice has been expanded in recognition of the fact that much data pertinent to present day litigation is not a matter of "common knowledge," but instead is known only to specialists who have made intensive studies in their particular fields. Some facts,

while not commonly known, are nevertheless indisputably true; and thus it is now recognized that judges may consult "sources of indisputable accuracy" and notice from such sources facts which are capable of being known to a "verifiable certainty." [1]

If a fact is not capable of being known to a verifiable certainty, then it cannot be judicially noticed, and it must be proven instead in the normal adversary manner. The standard of verifiable certainty has been established as a limit and a safeguard to prevent error. As Professor McCormick has noted, there are certain dangers inherent in the process of judicial notice when it is applied to complex scientific and technological facts. Two of these dangers are set forth below:

". . . second, that they may mistakenly accept as authoritative scientific theories that are outmoded or are not yet received by the specialists as completely verified, and third, that in taking judicial notice of accepted scientific facts, the courts, in particular cases may misconceive the conclusions or applications which are supposed to flow from them. . . ." McCormick, *Evidence* (1954 hornbook series), p. 694, sec. 325.

In order to reduce the possibility that the trial court might commit one of the errors warned of by McCormick and also to preserve the balanced nature of the adversary process, this court has established the following rule for those cases where the fact intended to be noticed is an adjudicative, as distinguished from a legislative, fact: [2]

---

[1] Currie, *Appellate Courts Use of Facts Outside of the Record by Resort to Judicial Notice and Independent Investigation*, 1960 Wis. L. Rev. 39. *See also:* McCormick, *Evidence* (1954 hornbook series), pp. 687–712, secs. 323–331.

[2] Adjudicative facts are those facts which relate to the particular parties and the merits of the particular case under consideration, whereas legislative facts are those used by the courts in arriving at a policy decision which only incidentally relates to the case at bar.

". . . the trial judge or the party requesting judicial notice should notify the parties or the adversary, as the case may be, so as to afford them an opportunity of consulting the same sources or of producing others. This does not mean that there will be a trial of textbooks, but rather it serves only to apprise the court whether the subject is verifiably certain or whether the issue must be proved and determined as a fact question." *Fringer v. Venema* (1965), 26 Wis. 2d 366, 373, 132 N. W. 2d 565, 133 N. W. 2d 809.

In this case, the trial court's resort to judicial notice was sua sponte and not the result of a motion by the state. The trial court "informally" apprised the defense of its intention to do some independent research and to use Dr. Wurster as a "librarian" to aid the court in its research. Such notice as was given does not comply with the requirement of *Fringer, supra.*

The notice must include the names of the sources consulted and the facts found in those sources which the trial court intends to rely on. Moreover, the notice must be given before judgment is rendered. *Fringer, supra,* and *Schmiedeck v. Gerard* (1969), 42 Wis. 2d 135, 142, 166 N. W. 2d 136.

When the notice requirement of *Fringer* is not complied with, the defense has no opportunity to point out to the court that the facts noticed are debatable or doubted by some significant portion of the scientific community.

No one for either side testified as to whether Harrer's tests results justified the conclusion that the suspected substance was an "opium and morphine derivative." In fact, not even the authorities resorted to by the trial court state that such a conclusion may be drawn. Apparently that conclusion was drawn by the trial court on its own initiative on the basis of sources noticed by the court in its independent research.

Unless a defendant is informed at the trial of the facts of which the court is taking judicial notice, not only

does he not know upon what evidence he is being convicted, but, in addition, he is deprived of an opportunity to challenge deductions drawn from such notice or dispute the truth of the facts allegedly relied upon.

We conclude that the court's judicial notice of a disputed scientific fact, without informing the defendant and affording him the right of confrontation, is harmful; and the error affects a substantial right. We, therefore, reverse the judgment of conviction and sentence and the order denying a new trial.

Because of our ruling on the judicial notice issue, resulting in the granting of a new trial, we do not reach the merits of the remaining issues.

*By the Court.*—Judgment and order reversed, and cause remanded for a new trial.